# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| COREY PENNINGTON,<br><br>　　Plaintiff,<br><br>v.<br><br>BRAM TRUCKING, LLC,<br><br>　　Defendant. | Civil Action No.: 2:25-cv-12224-RMG |

## COMPLAINT

Plaintiff Corey Pennington, by and through his undersigned attorneys, sues Defendant and alleges:

### PARTIES, VENUE, AND JURISDICTION

1. Plaintiff Corey Pennington ("Plaintiff") was injured in the crash that is subject of this action (the "Crash"). At all relevant times, Plaintiff has been a resident and citizen of the State of Florida.

2. Defendant Bram Trucking, LLC ("Bram Trucking"), is a North Carolina limited liability company with its headquarters and principal place of business in Mount Holly, North Carolina. Upon information and belief, all members of Bram Trucking, LLC, are residents of the State of North Carolina.

3. The Charleston Division is proper because the motor vehicle collision, which is the incident giving rise to this cause of action, took place in Summerville, South Carolina, as further shown below.

4. This Court has personal jurisdiction over Bram Trucking because it was, at the time this cause of action arose, doing business in South Carolina through its agent Shaquille Lingard,

("Lingard") and this cause of action relates to and arises out of Bram Trucking's contacts with South Carolina, as further shown below.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because (1) Plaintiff is a citizen and resident of Florida while Defendant is a citizen and resident of North Carolina such that there is complete diversity between the parties, and (2) the amount in controversy exceeds $75,000.00 due to Plaintiff's serious injuries.

## FACTUAL ALLEGATIONS

6. Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

7. On the day of the crash, Bram Trucking was a motor carrier registered with the USDOT under USDOT Number 4113398.

8. At the time of the crash, Bram Trucking was operating a commercial motor vehicle with a gross vehicle weight rating greater than 26,000 pounds in interstate commerce.

9. At all times material to this action, Lingard was an agent or employee acting in the course and scope of his employment with Bram Trucking.

10. Lingard was operating Bram Trucking's commercial motor vehicle (VIN 1NPTLPEX4HD412258) eastbound on Dorchester Road in Summerville, South Carolina.

11. At the same time, Plaintiff was operating a vehicle ahead of Bram Trucking's commercial motor vehicle.

12. As Plaintiff slowed his vehicle due to traffic, Lingard failed to stop and crashed into the rear of Plaintiff's vehicle.

13. As a result of the crash, Plaintiff suffered severe bodily injury and property damage.

## COUNT I
(Negligence *per se*)

14. Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

15. Bram Trucking and its agents owed Plaintiff statutory duties to operate the commercial motor vehicle with reasonable care.

16. Bram Trucking and its agent breached their duty to exercise reasonable care in the operation of the commercial motor vehicle by crashing it into the rear of Plaintiff's vehicle.

17. Bram Trucking's violation of its statutory duties constitutes negligence *per se*.

18. Bram Trucking's breach of its statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

19. Bram Trucking's violations of its statutory duties caused Plaintiff's damages, including but not limited to the following:

   a. Significant past and future medical expenses;
   b. Lost income and reduced earning capacity;
   c. Emotional distress and anxiety;
   d. Mental anguish;
   e. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being; and
   f. Other damages as will be shown in the discovery and trial of this case.

20. Because Plaintiff was injured as a direct result of Bram Trucking's violations of its statutory duties described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

21. Bram Trucking's statutory violations demonstrate such wanton disregard for the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Bram Trucking for its reckless conduct, to discourage such

reckless conduct in others, and to vindicate Plaintiff's private rights which Bram Trucking violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## COUNT II
(*Negligence*)

22. Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

23. Bram Trucking and its agents owed Plaintiff a common-law duty to do the following:

   a. Maintain its vehicle in a roadworthy manner;
   b. Operate the vehicle in a safe manner;
   c. Ensure the proper securement of the cargo under transport; and
   d. To use the degree of care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing.

24. Bram Trucking and its agents breached their duty to Plaintiff in the following ways:

   a. Failing to maintain its vehicle in roadworthy manner;
   b. Operating the vehicle in an unsafe manner;
   c. Failing to ensure the proper securement of the cargo under transport; and
   d. In failing to use the degree of care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing, all of which was the direct and proximate cause of the damages and injuries suffered by the Plaintiff herein, said acts being in violation of the statutory and common laws of the State of South Carolina.

25. Bram Trucking and its agent's breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

26. Bram Trucking's negligence, gross negligence, carelessness, recklessness, willfulness, and wanton breach of duty directly and proximately caused Plaintiff serious injuries, as well as Plaintiff's outstanding medical bills.

27. As a direct result of Bram Trucking's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

   a. Significant past and future medical expenses,
   b. Lost income and reduced earning capacity,
   c. Personal property damage,
   d. Emotional distress and anxiety,
   e. Mental anguish,
   f. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being, and
   g. Other damages as will be shown in the discovery and trial of this case.

28. Because Plaintiff was injured as a direct result of Bram Trucking's acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for personal injuries and property damage in the amount the jury determines at the trial of this case.

29. Bram Trucking's acts and omissions demonstrate such want of care as to show Bram Trucking was consciously indifferent both to the consequences of its acts and omissions and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, Bram Trucking should also pay punitive damages in the amount the jury determines appropriate to punish Bram Trucking for its reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Bram Trucking violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## COUNT III
(*Vicarious Liability*)

31. Plaintiff adopts, incorporates, and realleges the allegations of the preceding paragraphs.

32. At the time of the crash that is the subject of this lawsuit, Lingard and Bram Trucking's other agents acted in the course and scope of their agency or employment on behalf of Bram Trucking.

33. Bram Trucking, thus acting through its agent, servant, and employee Lingard and its other agents, is vicariously liable for their negligent, careless, reckless, wanton, willful, and grossly negligent acts as outlined in the first and second causes of action.

34. Plaintiff asks this Court to enter judgment ordering Bram Trucking to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## COUNT IV
(*Negligent Hiring, Training, Supervision, and Retention*)

35. Plaintiff adopts, incorporates and realleges the allegations contained in the preceding paragraphs.

36. Bram Trucking was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Lingard to operate a vehicle on behalf of Bram Trucking in one or more of the following ways:

   a. Failing to review Lingard's driving history;
   b. Failing to assess Lingard's driving skill;
   c. Hiring Lingard to drive on Dram Trucking's behalf despite Lingard's history of unsafe driving;
   d. Failing to have policies and procedures to train or monitor Lingard, or if such policies and procedures were in place, failing to enforce them;
   e. Failing to ensure Lingard had proper training and experience to operate a vehicle safely and effectively; and
   f. Otherwise failing to investigate Lingard's skill and history with a commercial motor vehicle, train Lingard in proper driving procedures, supervise Lingard's driving, failing to release Lingard from employment due to safety issues, or

otherwise act as a reasonable employer would under the same or similar circumstances.

37. Based on Lingard's unsafe driving history, Bram Trucking knew or should have known that hiring, training, supervising, or retaining Lingard posed a risk of foreseeable harm to third parties.

38. Plaintiff asks this Court to enter judgment ordering Bram Trucking to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff asks this Court to award her actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines she is entitled to, and such other relief as this Court determines is just.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

           **MORGAN & MORGAN P.A.**

           /s/ *James G. Biggart II*
           JAMES G. BIGGART II, ESQ.
           SC Bar No.: 106477
           M. COOPER KLAASMEYER, ESQ.
           SC Bar No.: 105795
           4401 Belle Oaks Drive, Suite 300
           North Charleston, SC 29405
           Telephone: (843) 973-5186
           Fax:     (843) 947-6113
           jbiggart@forthepeople.com
           swright@forthepeople.com
           Attorneys for the Plaintiff

September 4, 2025
Charleston, South Carolina