IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| COREY PENNINGTON, | CASE NO.: 2:25-cv-12224-RMG |
| Plaintiff, | |
| v. | **DEFENDANT'S ANSWER** <br> **TO PLAINTIFF'S COMPLAINT** |
| BRAM TRUCKING, LLC, | |
| Defendant. | (JURY TRIAL DEMANDED) |

The Defendant, answering the Plaintiff's Complaint herein, would respectfully show unto the Court that:

### FOR A FIRST DEFENSE
### (General Denial)

1. The Defendant denies each and every allegation of the Plaintiff's Complaint not hereinafter specifically admitted.

2. As to Paragraph 1, the Defendant admits that Plaintiff Corey Pennington has been a resident and citizen of the State of Florida at all relevant times; otherwise, Paragraph 1 is denied as stated.

3. As to Paragraph 2, the Defendant admits that it is a North Carolina limited liability company with its headquarters in Mount Holly, North Carolina; otherwise, Paragraph 2 is denied as stated.

4. Paragraphs 3 and 4 are admitted.

5. As to Paragraph 5, the Defendant admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because the Plaintiff is a citizen and resident of Florida while the Defendant is a citizen and resident of North Carolina such that there is complete diversity between the parties and the Plaintiff has alleged that the amount in controversy exceeds $75,000; otherwise, Paragraph 5 is denied as stated.

6. The Defendant adopts, realleges and incorporations the responses contained the preceding paragraphs in response to Paragraph 6.

7. Paragraph 7 is admitted.

8. As to Paragraph 8, the Defendant admits that at the time of the accident, it was operating a commercial motor vehicle with a gross vehicle weight rating greater than 26,000 lbs.; otherwise, Paragraph 8 is denied as stated.

9. Paragraphs 9, 10, and 11 are admitted.

10. As to Paragraph 12, the Defendant admits that the vehicles driven by the Plaintiff and Mr. Lingard collided on Dorchester Road, otherwise; Paragraph 12 is denied as stated.

11. The Defendant lacks sufficient knowledge or information to form a belief as to the exact nature or extent of any injuries or damages sustained by the Plaintiff and, therefore, denies Paragraph 13 in its entirety and demands strict proof thereof.

12. The Defendant adopts, realleges and incorporates the responses contained in the preceding paragraphs in response to Paragraph 14.

13. Paragraph 15 is admitted.

14. Paragraphs 16, 17, 18, 19, 20, and 21 are denied.

15. The Defendant adopts, realleges and incorporates the responses contained in the preceding paragraphs in response to Paragraph 22.

16. Paragraph 23 is admitted.

17. Paragraphs 24, 25, 26, 27, 28, and 29 are denied.

18. Paragraph 30 was omitted from the Complaint.

19. The Defendant adopts, realleges and incorporates the defenses contained in the preceding paragraphs in response to Paragraph 31.

20. Paragraph 32 is admitted.

21. Paragraphs 33 and 34 are denied.

22. The Defendant adopts, realleges and incorporates the responses contained in the preceding paragraphs in response to Paragraph 35.

23. Paragraphs 36, 37, and 38 are denied.

## FOR A SECOND DEFENSE
### (Comparative Negligence)

24. The Defendant would show, upon information and belief, that any injuries or damages sustained by the Plaintiff were due to his own negligent, careless, reckless and grossly negligent acts or omissions which combined and concurred with any negligence on the part of the Defendant, which is specifically denied, to produce such injuries or damages, if any, and without which such injuries or damages would not have occurred; such negligent, careless, reckless and grossly negligent acts or omissions on the part of the Plaintiff being more particularly set forth as follows:

   a. in failing to keep a proper lookout;
   b. in failing to keep his vehicle under proper control;
   c. in traveling too fast for conditions;
   d. in slamming on his brakes;
   e. in coming to a sudden stop;
   f. in failing to exercise that degree of care and caution that a reasonable and prudent person would exercise under the same or similar circumstances; and
   g. in such other particulars as shall be shown at trial.

## FOR A THIRD DEFENSE
### (Statutory Caps on Punitive Damages Pursuant to S.C. Code Section 15-32-530)

25.     The Defendant would show, upon information and belief, that it is protected by the statutory caps on punitive damages set forth in S.C. Code Section 15-32-530.

## FOR A FOURTH DEFENSE
### (Punitive Damages)

26.     The Defendant would show, upon information and belief, that the Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that the Defendant could be subjected to multiple awards of punitive damages for the same set of facts, the self-incrimination clause is being violated because the Defendant can be compelled to give testimony against itself in a penalty situation such as punitive damages, the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature, Plaintiff's claim for punitive damages violates the Defendant's right to access to the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills the Defendant's exercise of that right, the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed, and the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards and, therefore, the Plaintiff's claim for punitive damages should be dismissed.

WHEREFORE, having fully answered, the Defendant prays that the Plaintiff's Complaint be dismissed with costs.

The Defendant demands a jury trial.

                              BREHMER LAW FIRM, LLC

                    By:    *s/ L. Darby Plexico, III*
                              L. Darby Plexico, III (Fed. Bar 9585)
                              Post Office Box 7966
                              Columbia, South Carolina 29202
                              (803) 771-6600
                              LDP@brehmerlawfirm.com
                              *Attorney for Defendant*

Columbia, South Carolina
November 4, 2025